UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF QUINCY, MASSACHUSETTS<br><br>Defendant,<br><br>and,<br><br>COMMONWEALTH OF MASSACHUSETTS,<br><br>Nominal Party required by<br>33 U.S.C. § 1319(e) | CIVIL ACTION NO. 19-10483 |

## **COMPLAINT**

The United States of America, through its undersigned attorneys, by the authority of the Attorney General, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## **NATURE OF ACTION**

1. This is a civil action for injunctive relief and civil penalties brought under Sections 309(b) and (d) of the Federal Water Pollution Control Act of 1972, as amended (commonly referred to as the "Clean Water Act" and hereinafter referred to as "CWA"), 33 U.S.C. §§ 1319(b) and (d), against Defendant, City of Quincy ("Quincy" or "the City") for: (1) unpermitted and illegal discharges of pollutants from its small municipal separate storm sewer system ("Small MS4"), and (2) unpermitted and illegal discharges from its wastewater collection

system, all without authorization under a National Pollutant Discharge Elimination System ("NPDES") permit and all in violation of Section 301 of the CWA, 33 U.S.C. § 1311.

## JURISDICTION, VENUE AND NOTICE

2. This Court has jurisdiction over the subject matter of this action under Sections 309(b) and (d) of the CWA, 33 U.S.C. §§ 1319(b) and (d), and 28 U.S.C. §§ 1331, 1345 and 1355.

3. Venue is proper in this district under Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1395.

4. Notice of the commencement of this action has been given to the Commonwealth of Massachusetts ("Commonwealth") under Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## PARTIES

5. Plaintiff is the United States of America, acting by the authority of the Attorney General and on behalf of the Administrator of the EPA ("Administrator").

6. Defendant Quincy is a municipality incorporated under the laws of the Commonwealth, and is a "municipality" within the meaning of Section 502(4) of the CWA, 33 U.S.C. § 1362(4), and a "person" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5).

7. The Commonwealth is joined in this action as a nominal party under Section 309(e) of the CWA, 33 U.S.C. § 1319(e). The United States reserves all claims that it may have against the Commonwealth under Section 309(e), 33 U.S.C. § 1319(e).

## STATUTORY BACKGROUND

8. The CWA is a comprehensive statute designed "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).

Section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants to navigable waters of the United States except in compliance with, *inter alia*, the terms and conditions of a NPDES permit issued under Section 402 of the CWA, 33 U.S.C. § 1342.

9. Section 502(12) of the CWA, 33 U.S.C. § 1362(12), defines the term "discharge of pollutants" to include "any addition of any pollutant to navigable waters from any point source."

10. Section 502(6) of the CWA, 33 U.S.C. § 1362(6), defines the term "pollutant" to include, *inter alia*, "sewage…, chemical wastes, biological materials…, and…municipal…waste discharged into water."

11. Section 502(7) of the CWA, 33 U.S.C. § 1362(7), defines the term "navigable waters" as "the waters of the United States, including the territorial seas."

12. In turn, "waters of the United States" has been defined to include, in relevant part, "all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce, including all waters which are subject to the ebb and flow of the tide," and tributaries to such waters. 40 C.F.R. § 122.2.

13. Section 502(14) of the CWA, 33 U.S.C. § 1362(14), defines the term "point source" to include "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit . . . from which pollutants are or may be discharged."

14. Section 402 of the CWA, 33 U.S.C. § 1342, provides that the Administrator may issue permits under the NPDES program for the discharge of pollutants into navigable waters of the United States upon such specific terms and conditions as the Administrator may prescribe.

15. Pursuant to Section 402(p) of the CWA, 33 U.S.C. § 1342(p), EPA promulgated regulations at 40 C.F.R. § 122.26 that set forth NPDES permit requirements to address storm water discharges from Small MS4s.

16. Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates Section 301(a) of the CWA, 33 U.S.C. § 1311(a).

17. Section 309(d) of the CWA, 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates Section 301(a) of the CWA, 33 U.S.C. § 1311(a).

## GENERAL ALLEGATIONS

18. Quincy is the owner and operator of the City's wastewater collection system ("Collection System") by which Quincy's residential, commercial and industrial sewage is conveyed to the Massachusetts Water Resources Authority ("MWRA") for treatment at MWRA's Deer Island Treatment Plant.

19. The manholes, sewer lines, and various other confined discrete conveyances within the Collection System, from which pollutants are discharged, are "point sources," within the meaning of Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

20. Quincy is also the owner and operator of a Small MS4, which is a system of conveyances (including roads with drainage systems, municipal streets, catch basins, curbs, gutters, ditches, man-made channels, and storm drains) designed to collect, convey, and discharge storm water to receiving waters.

21. Quincy's Small MS4 outfalls, from which pollutants are discharged, are "point sources," within the meaning of Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

22.     Quincy's Collection System and Small MS4 are designed to keep sewage and other wastewater in the Collection System separated from storm water in the Small MS4.

23.     At all times relevant to this Complaint, Quincy was authorized to discharge storm water from its Small MS4 under a NPDES General Permit for Stormwater Discharges from Small MS4s ("2003 General Permit") issued by EPA.

24.     Part I(B)(2)(j) of the 2003 General Permit provides that it does not authorize the discharge of storm water that is mixed with non-storm water, which includes untreated wastewater, such as sewage, unless in compliance with another NPDES permit or otherwise allowable under several exceptions set forth in Part I(F) of the 2003 General Permit, none of which is applicable here.

25.     Part I(B)(2)(k) of the 2003 General Permit provides that it does not authorize discharges of storm water that would cause or contribute to in-stream exceedance of water quality standards.

26.     Unauthorized wastewater connections to Quincy's Small MS4 result in the discharge of pollutants from Quincy's Small MS4 outfalls.  Unauthorized wastewater connections to Quincy's Small MS4 are either direct connections (*e.g.*, wastewater piping either mistakenly or deliberately connected to the storm drains) or indirect connections (*e.g.*, infiltration into the Small MS4 from cracks in Quincy's Collection System).

27.     Discharges of untreated wastewater combined with storm water from Quincy's Small MS4 contribute high levels of pollutants, including sewage, heavy metals, toxics, oil and grease, solvents, nutrients, viruses, bacteria, and pharmaceutical compounds to water bodies receiving discharges from Quincy's Small MS4 outfalls.

28.     At all times relevant to this Complaint, Quincy discharged, and continues to discharge, from Small MS4 outfalls to Boston Harbor, Dorchester Bay, Quincy Bay, Hingham Bay, Town River Bay, Neponset River, Town River, and Weymouth Fore River, which are traditional navigable waters (*i.e.*, "all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce, including all waters which are subject to the ebb and flow of the tide" 40 C.F.R. § 122.2).

29.     At all times relevant to this Complaint, Quincy discharged, and continues to discharge, from Small MS4 outfalls into Sagamore Creek, which is a perennial tributary of the Neponset River.

30.     At all times relevant to this Complaint, Quincy discharged, and continues to discharge, from Small MS4 outfalls into Town Brook, which is a perennial tributary to the Town River.

31.     At all times relevant to this Complaint, Quincy discharged, and continues to discharge, from Small MS4 outfalls into Furnace Brook, which is a perennial tributary to the Black Creek.

32.     Black Creek, a/k/a Blacks Creek and Black's Creek, is a perennial tributary of Quincy Bay.

33.     Sagamore Creek, Town Brook, Furnace Brook, and Black Creek are all perennial bodies of water connected to traditional navigable waters.

34.     Boston Harbor, Dorchester Bay, Quincy Bay, Hingham Bay, Town River Bay, Neponset River, Town River, Weymouth Fore River, Sagamore Creek, Town Brook, Furnace Brook, and Black Creek are "navigable waters" and "waters of the United States" within the meaning of Section 502(7) of the CWA 33 U.S.C. § 1362(7), and applicable regulations.

35. Under the Massachusetts Surface Water Quality Standards, 314 C.M.R. § 4.00, Boston Harbor, Dorchester Bay, Quincy Bay, Hingham Bay, Town River Bay, Neponset River, Town River, Weymouth Fore River, Sagamore Creek, Town Brook, and Furnace Brook are surface water bodies classified as Class B, Class SA, or Class SB.  314 C.M.R. § 4.06.

36. The applicable water quality standard for surface waters classified as Class B, set forth at 314 C.M.R. § 4.05(3)(b)(4), provides that no single *E. coli* sample shall exceed 235 colonies per 100 ml and that no single *Enterococci* sample shall exceed 61 colonies per 100 ml.

37. The applicable water quality standard for surface waters classified as Class SA and Class SB, set forth at 314 C.M.R. §§ 4.05(4)(a)(4) and 4.05(4)(b)(4), provides that no single *Enterococci* sample shall exceed 104 colonies per 100 ml.

## FIRST CLAIM FOR RELIEF
### (Discharges of Pollutants from Small MS4 Outfalls)

38. The United States realleges and incorporates by reference the allegations of paragraphs 1 through 37.

39. Water quality samples taken from Quincy Bay, Sagamore Creek, Town Brook, Town River Bay and Furnace Brook from 2009 through 2013 demonstrate exceedances of applicable water quality standards for *E. coli* and *Enterococci*.

40. Water quality samples taken from Quincy Bay, Sagamore Creek, Town Brook, Town River Bay and Furnace Brook from 2009 through 2013 demonstrate that Quincy discharged pollutants, including *E. coli* and *Enteroccous* bacteria, surfactants, ammonia, and numerous selected pharmaceutical compounds, all indicative of sewage chemical wastes, biological materials, and municipal waste, from its Small MS4 outfalls.

41. Further, on multiple occasions from at least June 2009 through 2018, water quality samples taken from marine beaches adjacent to Quincy, including beaches adjacent to

Quincy Bay, Town River Bay, Weymouth Fore River, and Hingham Bay, demonstrate exceedances of applicable water quality standards for *Enterococci*, set forth in details of historical sampling results posted by the Commonwealth's Department of Public Health, Bureau of Environmental Health at http://mass.digitalhealthdepartment.com/public_21/beaches.cfm (which is redirected to https://ma-beaches.healthinspections.us/index.cfm?); in annual beach reports and annual marine beach data tables prepared by the Commonwealth's Department of Public Health, Bureau of Environmental Health, Environmental Toxicology Program and posted at http://mass.gov/eohhs/gov/departments/environmental-health/ (which is redirected to https://www.mass.gov/orgs/executive-office-of-health-and-human-services); and at https://watersgeo.epa.gov/beacon2/ (formerly located at http://www.epa.gov/region1/eco/beaches/).

42. The water quality samples taken from marine beaches adjacent to Quincy on multiple occasions from at least June 2009 through 2018 demonstrate that Quincy discharged pollutants, including *Enterococcus* bacteria, from its Small MS4 outfalls.

43. *E. coli* and *Enterococcus* bacteria, sewage, chemical wastes, biological materials, and municipal waste are "pollutants" within the meaning of Section 502(6) of the CWA, 33 U.S.C. § 1362(6).

44. Quincy is engaged in the "discharge of pollutants" from its Small MS4 outfalls within the meaning of Section 502(12) of the CWA, 33 U.S.C. § 1362(12)

45. Quincy's Small MS4 outfalls, from which pollutants are discharged, are "point sources," within the meaning of Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

46. Quincy has discharged and/or is discharging storm water that is mixed with non-storm water, which includes untreated wastewater, including sewage, from its Small MS4 outfalls.

47. Quincy has discharged and/or is discharging *E. coli* and *Enterococcus* bacteria to surface waters classified as Class B, Class SA, and Class SB in excess of applicable water quality standards from its Small MS4 outfalls.  Such discharges cause or contribute to in-stream exceedances of water quality standards.

48. The discharges of sewage and untreated wastewater from Quincy's Small MS4 outfalls to waters of the United States are not authorized by the 2003 General Permit or any other NPDES permit or any provision of the CWA.

49. The discharges of pollutants from Quincy's Small MS4 outfalls, as described above, are violations of Section 301(a) of the CWA, 33 U.S.C 1311(a).

50. Upon information and belief, Quincy will continue to discharge pollutants to waters of the United States in violation of Section 301(a) of the CWA, 33 U.S.C § 1311(a), unless restrained by this Court.

51. Under Sections 309(b) and (d) of the CWA, 33 U.S.C. §§ 1319(b) and (d), and 40 C.F.R. § 19.4, Quincy is liable for injunctive relief and for civil penalties not to exceed $37,500 per day for each violation occurring after January 12, 2009 and $54,833 per day per violation occurring after November 2, 2015.

### SECOND CLAIM FOR RELIEF
### (Sanitary Sewer Overflow Discharges)

52. The United States realleges and incorporates by reference the allegations of paragraphs 1 through 51, above.

53. On or before August 12, 2010, the City's Collection System experienced sanitary sewer overflows ("SSOs") at the northern terminus of the southern section of Landsdowne Street in Quincy, which resulted in the discharge of untreated wastewater containing pollutants, including raw sewage, from point sources within the Collection System to Quincy Bay.

54. From at least August 12, 2010, to at least August 23, 2016, the City's Collection System experienced SSOs in the vicinity of Bayside Road, which resulted in discharges of untreated wastewater containing pollutants, including raw sewage, from a point source within the Collection System to Quincy Bay.

55. In addition, from approximately November 2014 to at least September 2018, the City's Collection System experienced 94 SSOs, of which, according to the City, 12 resulted in the discharge of untreated wastewater containing pollutants, including raw sewage, from point sources within the Collection System to waters of the United States.  One of these SSO events discharged to Town Brook for seven days from June 1, 2017, to June 7, 2017.

56. A majority of the City's SSOs that resulted in discharges to surface waters were overflows from manholes.  After the overflow, the discharged wastewater typically flowed to a Small MS4 street drain and then to a Small MS4 outfall.

57. Quincy's Small MS4 outfalls discharge to Boston Harbor, Dorchester Bay, Quincy Bay, Hingham Bay, Town River Bay, Neponset River, Town River, Weymouth Fore River, Sagamore Creek, Town Brook, and Furnace Brook.

58. Quincy is engaged in the "discharge of pollutants" as a result of SSOs in its Collection System within the meaning of Section 502(12) of the CWA, 33 U.S.C. § 1362(12).

59. These SSOs are discharges from "point sources," as defined in Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

Case 1:19-cv-10483-RGS   Document 1   Filed 03/14/19   Page 11 of 12

60. The discharge of non-storm water from Quincy's Small MS4 outfalls is not authorized by Part I(B)(2)(j) of the 2003 General Permit, and untreated wastewater is not one of the excepted non-storm water discharges set forth in Part I(F) of the 2003 General Permit.

61. Quincy does not have an NPDES permit for its wastewater discharges.

62. None of Quincy's SSO discharges to waters of the United States is authorized by a NPDES permit or any provision of the CWA.

63. The discharges as a result of SSOs in Quincy's Collection System are violations of Section 301(a) of the CWA, 33 U.S.C § 1311(a).

64. Upon information and belief, Quincy will continue to discharge pollutants to waters of the United States in violation of Section 301(a) of the CWA, 33 U.S.C § 1311(a), unless restrained by this Court.

65. Under Sections 309(b) and (d) of the CWA, 33 U.S.C. §§ 1319(b) and (d), and 40 C.F.R. § 19.4, Quincy is liable for injunctive relief and for civil penalties not to exceed $37,500 per day for each violation occurring after January 12, 2009 through November 2, 2015 and $54,833 per day per violation.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States of America respectfully requests that the Court grant the following relief:

1. Permanently enjoin the City, under Section 309(b) of the CWA, 33 U.S.C. § 1319(b), from any and all future violations of the CWA and from discharges of pollutants except as authorized by a NPDES permit issued under Section 402 of the CWA, 33 U.S.C. § 1342;

2. Order the City to pay civil penalties not to exceed $37,500 per day per violation occurring after January 12, 2009, through November 2, 2015 and $54,833 per day per violation occurring after November 2, 2015;

3. Award the United States its costs in this action; and

4. Grant such other relief as the Court deems just and proper.

                  Respectfully submitted,

                  JEFFREY BOSSERT CLARK
                  Assistant Attorney General
                  Environment and Natural Resources Division
                  United States Department of Justice

                  ANDREW E. LELLING
                  United States Attorney
                  District of Massachusetts

Dated: <u>March 14, 2019</u>        /s/ *Susan M. Poswistilo*
                  SUSAN M. POSWISTILO (BBO # 565581)
                  Assistant United States Attorney
                  John Joseph Moakley Courthouse
                  1 Courthouse Way, Ste. 9200
                  Boston, Massachusetts 02210
                  (617) 748-3103
                  susan.poswistilo@usdoj.gov

OF COUNSEL:

MAN CHAK NG
Senior Enforcement Counsel
U.S. Environmental Protection Agency, Region 1